# U.,ITED STATES DISTRICT COURT

## OFFICE OF THE CLERK
## DISTRICT OF MARYLAND

**FILED**
**U.S. DISTRICT COURT**
**DISTRICT OF MARYLAND**

Felicia C. Cannon, Clerk

**2000 AUG 10  A 9: 06**

Reply to Northern Division Address

**CLERK'S OFFICE**
**AT BALTIMORE**

BY_____DEPUTY

August 9, 2000

*MJG 00-690*

Dear Counsel:

You have submitted a proposed confidentiality or protective order for the court's approval. There are several items that must be included in any protective order before such approval may be obtained.  The judge to whom this case is assigned has directed that you redraft the order as necessary in accordance with the enclosed Memorandum and submit a revised version for approval within 14 days of the date of this letter.

Very truly yours,

FELICIA C. CANNON, CLERK

By: _____

Deputy Clerk

JUDGE: _____

Initials

_____

Date   *8/10/00*

U.S District Court (Rev. 11/1999) - Proposed Protective Order Packet

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 240 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

## MEMORAN. M RE: PROPOSED CONFIDENT1. .1TY ORDERS

In accordance with applicable case law and policies adopted by this Court, proposed protective orders concerning the confidentiality of materials and information exchanged during discovery must include:

1.    A definition of confidentiality consistent with Fed. R. Civ. P. 26(c)(7);

2.    A method for challenging particular designations of confidentiality with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c);

3.    A provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the court record under seal, the party making such filing must simultaneously submit a motion and accompanying order which includes (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. See Stone v. University of MD Medical Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988); Rushford v. New Yorker Magazine, Inc. 846 F.2d 249, 253-54 (4th Cir. 1988); In Re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984); M.P. v. Schwartz, 853 F. Supp. 164 (D. MD 1994); and (c) a provision permitting the Clerk to return to counsel or destroy any sealed material at the end of the litigation.

**See Local Rules 104.13 and 105.11**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **STEVEN DANIEL BRYANT and** | * |
| **PATRICIA BRYANT,** | |
| | * |
| **Plaintiff** | |
| | * |
| **v.** | **CASE NO.: MJG-00690** |
| | * |
| **SULZER SPINE-TECH, INC.** | |
| | * |
| **Defendant** | |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATED PROTECTIVE ORDER

On this _____ day of _____, 2000, this Order is entered pursuant to Federal Rule of Civil Procedure 26(c). The Court, having reviewed the Order proposed by the parties hereto, hereby enters the following order:

1.     This protective order shall govern all documents produced by Sulzer Spine-Tech Inc. ("Sulzer") in this litigation that contain certain information, including information made confidential by the trade secrets and/or confidential research, development and other commercially sensitive or proprietary information, including information made confidential by the physician/patient privilege, the disclosure of which could cause injury to Sulzer. Documents subject to this order shall be identified by placing the following marking on the document in a manner which will not interfere with legibility:

### PROTECTED BY COURT ORDER

2.    The protective order shall govern all documents and information identified with the "Protected By Court Order" marking whether or not such documents are informally produced or produced in response to a formal discovery request. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition; such testimony shall immediately be subject to this Order. Production of documents or information under this Order shall not constitute an admission that such documents or information are relevant or otherwise admissible at trial, and all objections to the admissibility of such documents and information are preserved.

3.    In the event that any confidential material is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript or other paper filed with the Clerk of the Court, such confidential portions of the material shall be filed under seal in an envelope marked as "**CONFIDENTIAL**."

4.    No documents or information identified as confidential shall be filed with this Court without the appropriate safeguards. The Clerk of the Court is directed to maintain such documents under seal, to be made available only to the Court and counsel of record for the parties as herein provided.

5.    Within thirty (30) days after the conclusion of all aspects of this action against Sulzer, all documents and information identified as confidential which have been produced by Sulzer to counsel and copies thereof, shall be returned by that counsel to counsel for Sulzer; and all indexes, summaries and extractions of all such materials, however maintained, shall be destroyed by counsel. Further, any expert or consultant identified in subpart 3 of paragraph 6 below who received confidential materials from counsel pursuant to the terms of this Order shall return all such materials to that counsel, including all copies, indexes, summaries and extractions of all such materials, however maintained. Counsel shall ensure that all confidential materials originally provided to any such expert or consultant have in fact been returned, and

2

shall also require each such person to execute an affidavit in the form attached hereto as "Exhibit 1." All such confidential materials, as well as the affidavits required by this paragraph, shall be returned to counsel for Sulzer within thirty (30) days after the conclusion of this litigation against Sulzer as defined above.

6.     Except as otherwise directed by this Court, the documents and information produced by Sulzer and identified as protected by this Order shall be revealed only to "qualified persons" defined as 1) parties in this action, 2) counsel of record for the parties in this action, including their paralegals, secretaries and other office staff, 3) their experts or consultants, 4) the court and court personnel for any purpose the court finds necessary, and 5) jurors and court personnel at trial as necessary for trial purposes.

7.     No person identified in subparts 1 and 3 of paragraph 6 above who is entitled to access to protected documents or information under this Order shall be provided with the protected documents or information unless such individual has (a) read the Protective Order and (b) completed and signed the affidavit attached hereto as "Exhibit 2."

8.     No person entitled to access to protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials produced under the terms of this Order.

9.     The documents and information produced by Sulzer pursuant to the terms of this Order shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.

10.    Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information which are no longer confidential. This Court retains jurisdiction over all persons

3

provided access to confidential materials or information for enforcement of the provisions of this Order following the final conclusion of this action.

11.    Nothing in this Order shall be deemed to preclude any party from challenging the confidentiality of particular documents or information. If a party elects to challenge the confidentiality of any document or information, that party shall first notify Sulzer of the challenge, in writing, and the reasons why the challenging party believes the document or information should not be deemed confidential. Sulzer will respond in writing within fifteen (15) days, and if agreement is not reached on the disputed document(s) or information, the challenging party may move the court for an Order removing the protection established by this Order. All documents and information identified as confidential, however, shall retain their confidential status until such time as the parties' contentions regarding any confidentiality issues are fully and finally adjudicated, including appeal(s). This provision shall not operate to restrict the Court from entering any Order it deems appropriate regarding any documents and information identified as confidential or from admitting such documents and information into evidence at trial.

12.    Violation by any person of any provision of this Protective Order may be subject to an appropriate sanction imposed by the Court, which may include a finding of contempt of Court. Further, Sulzer may pursue any and all civil remedies available to it for violation of the terms of this Order.

_____
The Honorable Marvin Garbis

Dated: _____

APPROVED:

4

Jonathan Schochor, Esquire
Christopher Kennedy, Esquire
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202

ATTORNEYS FOR PLAINTIFFS

Richard M. Barnes, Esquire
Thomas J. S. Waxter, III, Esquire
Goodell, DeVries, Leech & Gray, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

ATTORNEYS FOR DEFENDANT
SULZER SPINE-TECH INC.

5

## EXHIBIT 1

## AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER

_____, being duly sworn on oath, does depose and say as follows:

(1)    On _____, I returned to _____, all documents and depositions and all copies of such documents and depositions, which are subject to a Protective Order for the protection of documents entered in the actions entitled Clarence H. Smith and Stephany Smith v. Sulzer Spine-Tech Inc. , Case No.  MJG00-688, Stacey Welling v. Sulzer Spine-Tech Inc., Case No.  MJG00-689 and Steven Daniel Bryant v. Sulzer Spine-Tech Inc., Case No. MJG-00690, pending in the United States District Court for the District of Maryland, including any documents which I have which reflect any such Confidential information including summaries, indexes or other compilations of such materials.

(2)    I have not disseminated, either orally or in writing, any of the documents or information described above nor any of the information contained therein, and I agree that I will not disseminate any such information in the future.


_____


DATED: _____


_____

Witness

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **STEVEN DANIEL BRYANT and** | * |
| **PATRICIA BRYANT,** | |
| | * |
|    **Plaintiffs** | |
| | * |
| **v.** | **Case No .: MJG-00690** |
| | * |
| **SULZER SPINE-TECH, INC.** | |
| | * |
|    **Defendant** | |
| | * |

*********************************************************************************

**AFFIDAVIT**

STATE OF _____  )
                       )
COUNTY OF _____  )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1.    Your affiant's full name and current address is:

_____

_____

2.    Prior to receiving any document and information designated by Sulzer as confidential in the above-captioned actions, I was provided with a copy of this Protective Order, which I have read and fully understand. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the above-named court concerning the enforcement of the Order.

3.    I received the confidential information in my capacity as (secretary, expert, etc.).

4.    I received access to this confidential information from _____

_____

_____
AFFIANT


Dated this _____ day of _____, 2000.

Sworn to before me a Notary Public this _____ day of _____, 2000.


_____
Notary Public

My Commission Expires:

_____

289214